No. 20-CV-00395 (DLI) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RED WASHBURN,

                              Plaintiff,

- against –

KINGSBOROUGH COMMUNITY COLLEGE, DR. JOANNE RUSSELL, DR. EILEEN FERRETTI, MICKIE DRISCOLL, DR. MICHAEL BARNHART, JAMES CAPOZZI, DELISE CHUNG, ROXANNA THOMAS and THE CITY UNIVERSITY OF NEW YORK,

                              Defendants.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-317*
*New York, New York  10007*

*Of Counsel: Rebecca Quinn*
*Tel. (212) 356-4382*
*Matter No. 2020-015124*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

    POINT I

        PLAINTIFF'S BELIEF THAT THEIR COMPLAINT NECESSITATES A VIOLATION OF THE REQUIREMENTS OF FEDERAL CIVIL PROCEDURE RULE 8 IS NO EXCUSE FOR SUCH A VIOLATION AND MAY BE DISMISSED AS A MATTER OF LAW .................................................... 1

    POINT II

        THE COURT SHOULD HOLD THAT N.Y. EDUCATION LAW SEC. 6224 REQUIRES A NOTICE OF CLAIM TO BE FILED FOR DISCRIMINATION CLAIMS ARISING UNDER STATE LAW ....................................................................... 2

    POINT III

        PLAINTIFF HAS NOT SHOWN THAT ALL OF THEIR ALLEGATIONS WHICH OCCURRED BEFORE JANUARY 25, 2018 ARE RELATED TO THOSE THAT OCCURRED AFTER JANUARY 25, 2018 SUCH THAT THE UNTIMELY ALLEGATIONS AID THEIR HOSTILE WORK ENVIRONMENT CLAIM ........................................ 5

    POINT IV

        PLAINTIFF HAS NOT SUFFICIENTY DISPUTED THAT THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE IX AND NO CAUSE OF ACTION FOR EMPLOYMENT DISCRIMINATION ............................................................... 7

POINT V

    PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII, NYSHRL OR NYCHRL FOR CLAIMS PERTAINING TO THE WOMEN AND GENDER STUDIES PROGRAM AND NOT PLAINTIFF THEMSELVES .................................................................. 8

CONCLUSION ........................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**                                                                                                       **Pages**

*Almontaser v. N.Y.C. Dep't of Educ.*,
   2014 U.S. Dist. LEXIS 92760 (E.D.N.Y. July 8, 2014) ......................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................... 1

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................... 1

*Doe v. Nat'l Ramah Comm'n, Inc.*,
   2018 U.S. Dist. LEXIS 153317 (S.D.N.Y. Sept. 7, 2018) ..................................................... 8

*Fells v. Borough of Manhattan Community Coll.*,
   2018 U.S. Dist. LEXIS 146509 (SDNY Aug. 27, 2018) ....................................................... 3

*Gurnett v. Town of Wheatfield*,
   90 A.D.3d 1656-1657 (4th Dept. 2011) .............................................................................. 4

*Hart v. Salois*,
   605 Fed.Appx. 694 (10th Cir. 2015) .................................................................................... 2

*Keles v. Yearwood*,
   254 F. Supp. 3d 466 (E.D.N.Y. 2017) ................................................................................. 2

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973) ........................................................................................................... 9

*McGullam v. Cedar Graphics*,
   609 F.3d 70 (2d Cir. 2010) ................................................................................................. 5

*McKie v. LaGuardia Community Coll./CUNY*,
   85 A.D.3d 453 (1st Dep't 2011) ..................................................................................... 2, 4

*Miotto v. Yonkers Pub. Schs.*,
   534. Supp. 2d 422 (S.D.N.Y. 2008) .................................................................................... 8

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536, U.S. 101 (2002) .......................................................................................................... 5

*Sigel v. La Guardia Cmty. College*,
   2006 U.S. Dist. LEXIS 22931 (E.D.N.Y. Apr. 21, 2006)
   *aff'd* 249 F. App'x 850 (2d Cir. 2007) ................................................................................. 3

*Sosa v. New York City Dep't of Educ.*,
   368 F.Supp.3d 489 (E.D.N.Y. 2019) ............................................................................... 8-9

| Cases | Pages |
|---|---|
| *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387 (E.D.N.Y. 2005) | 8 |
| *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708 (2d Cir. 1996) | 5 |
| *Vivenzio v. City of Syracuse*, 611 F.3d 98 (2d Cir. 2010) | 9 |

**Statutes**

| | |
|---|---|
| 42 U.S.C. § 1983 | 2, 7 |
| 42 U.S.C. § 2000e-5(e)(1) | 5 |
| Fed R. Civ. P. 8 | 1, 2 |
| Fed. R. Civ. P. 8(a)(1) | 1 |
| Fed. R. Civ.P. 12(b)(6) | 1 |
| General Municipal Law § 50-k(2) | 3 |
| N.Y. Educ. Law, § 3813 | 4 |
| N.Y. Educ. Law § 6224 | 2, 3, 4 |
| N.Y. Educ. Law § 6224(1) | 2 |

# PRELIMINARY STATEMENT

Plaintiff opposed Defendants' motion to dismiss, arguing that their case is simply too complex to abide by Rule 8 and necessitated allegations dating back to 2016 to support a hostile work environment claim. But as Plaintiff's opposition demonstrates, they have missed several important procedural deadlines such as the filing of a timely notice of claim for state law claims and the filing of an EEOC charge within 300 days of the accrual of a claim, which necessarily bar many of their allegations. Plaintiff may desire to include every grievance that they have against defendants, and every shred of background information to provide what they deem as necessary context, but unfortunately, this is not permitted under the law. Plaintiff's Complaint should be dismissed under Rules 8 and 12(b)(6).

# ARGUMENT

## POINT I

**PLAINTIFF'S BELIEF THAT THEIR COMPLAINT NECESSITATES A VIOLATION OF THE REQUIREMENTS OF FEDERAL CIVIL PROCEDURE RULE 8 IS NO EXCUSE FOR SUCH A VIOLATION AND THE COMPLAINT MAY BE DISMISSED AS A MATTER OF LAW**

Plaintiff bemoans the challenge that they face being required to plead sufficient facts to plausibly state a cause of action while at the same time being required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a)(1). Yet, this is a challenge that is required of every plaintiff bringing a discrimination case in Federal Court, no more, no less. Plaintiff must comport with the requirements of Rule 8, and has not offered any authority relieving them of that requirement. Contrary to Plaintiff's argument, Defendants do not complain that Plaintiff has plead too many

facts, rather Plaintiff has pled too many unnecessary, irrelevant and time-barred facts—facts that do not plainly show that Plaintiff is entitled to relief[1]. As Plaintiff notes in their opposition, albeit in a 10th Circuit case, the number of facts or length of the complaint isn't the issue here, "the culprit is failure to connect his…claims to the [c]omplaint's…factual allegations." Plaintiff's Mem. of Law in Opp., p. 4, quoting *Hart v. Salois*, 605 Fed.Appx. 694, 701 (10th Cir. 2015). Plaintiff notes that they have 22 different counts, but many of the counts do not require a different set of facts to be pled. For example, Plaintiff's Title VII, NYSHRL, NYCHRL and § 1983 claims are all comprised of the same set of facts.

Plaintiff's Complaint should be dismissed pursuant to Rule 8.

## POINT II

**THE COURT SHOULD HOLD THAT N.Y. EDUCATION LAW SEC. 6224 REQUIRES A NOTICE OF CLAIM TO BE FILED FOR DISCRIMINATION CLAIMS ARISING UNDER STATE LAW**

Plaintiff cites to an Eastern District case that holds that the notice of claim requirement only applies to tort claims arising out of state law as opposed to discrimination claims. *Keles v. Yearwood*, 254 F. Supp. 3d 466, 470-71 (E.D.N.Y. 2017). This decision is an outlier. Defendants urge the Court to instead follow precedent from the State Appellate Division, which has held that the notice of claim requirement does apply to discrimination cases against community colleges and the individuals they employ. *McKie v. LaGuardia Community Coll./CUNY*, 85 A.D.3d 453, 454 (1st Dep't 2011); N.Y. Educ. Law § 6224 (1)

---

[1] Ironically, as discussed in Point III, Plaintiff leaves out necessary information regarding many of the allegations in the Complaint, namely the date or even the month that they occurred, instead providing the season or semester they occurred.

Defendants also urge the Court to follow precedent from other district court decisions, including in the Eastern District, which have held that the notice of claim requirement applies to discrimination claims, and that failure to file such notice of claim requires dismissal of state law claims. *See Sigel v. La Guardia Cmty. College*, 2006 U.S. Dist. LEXIS 22931 (E.D.N.Y. Apr. 21, 2006) *aff'd* 249 F. App'x 850 (2d Cir. 2007) (dismissing NYSHRL claim for discrimination for failure to file a notice of claim); *Fells v. Borough of Manhattan Community Coll.*, 2018 U.S. Dist. LEXIS 146509, at *12 (SDNY Aug. 27, 2018) (dismissing NYSHRL and NYCHRL claims for discrimination where plaintiff failed to plead that she filed a notice of claim "much less within 90 days…"). The weight of authority is that N.Y. Educ. Law § 6224's notice of claim requirement applies to discrimination claims, and Plaintiff's failure to file a notice of claim compels the dismissal of her NYSHRL, NYCHRL and New York State Constitutional claims.

Furthermore, it is not an issue of fact as to whether the conduct of the individual defendants fell within the scope of their employment such that it cannot be determined whether N.Y. Educ. Law § 6224 applies to them. See Pl. Mem. of Law in Opp., p. 6-7. By appearing for and submitting a motion to dismiss in lieu of an answer for the individual defendants in this matter, Corporation Counsel has necessarily conducted a review pursuant to General Municipal Law § 50-k(2) and has determined that the individuals were acting within the scope of their employment. This cannot be seriously contended. All of the allegations in the Complaint as they refer to the individual defendants describe conduct carried out in their capacities as employees of Kingsborough Community College. *See* Ex. 1, Complaint, *generally*.

Next, to the extent that Plaintiff intends to argue that their complaint filed with the New York Commission on Human Rights qualifies as a notice of claim, they plead that this was

filed on November 21, 2018. Ex.1, Complaint, ¶ 15. All of Plaintiff's state law claims accruing before August 23, 2018—90 days before November 21, 2018—would therefore be time-barred under the notice of claim requirement. N.Y. Educ. Law § 6224. The cases that Plaintiff cites to for the principle that any document apprising Kingsborough of their claims suffices for the notice of claim requirement all refer to the notice of claim requirement as laid out in N.Y. Educ. Law, § 3813, which does not apply to community colleges.

*Gurnett v. Town of Wheatfield,* cited by Plaintiff, holds that failure to *timely* file a notice of claim is not fatal to state law claims were there is no prejudice, not that failure to file *at all* is not fatal to state law claims. 90 A.D.3d 1656-1657 (4th Dept. 2011). Furthermore, Plaintiff has not alleged that the service of their Human Rights Commission complaint conferred notice of their claim upon the individual defendants, which N.Y. Educ. Law § 6224 requires.

Finally, Defendants moved to dismiss *all* state law claims for failure to serve a notice of claim. *See* Pl. Mem. of Law in Opp. p. 6, FN 1 (arguing Defendants only addressed Plaintiff's NYSHRL claims). The requirement applies to all claims arising under state law and does not require an analysis of the different state causes of action. *McKie*, 85 A.D.3d at 454. Defendants urge the Court to dismiss Plaintiff's state law claims—NYCHRL, NYSHRL and New York State Constitutional claims for failure to file a notice of claim pursuant to N.Y. Educ. Law § 6224.

# POINT III

**PLAINTIFF HAS NOT SHOWN THAT ALL OF THEIR ALLEGATIONS WHICH OCCURRED BEFORE JANUARY 25, 2018 ARE RELATED TO THOSE THAT OCCURRED AFTER JANUARY 25, 2018 SUCH THAT THE UNTIMELY ALLEGATIONS AID THEIR HOSTILE WORK ENVIRONMENT CLAIM**

It is well-settled that Title VII claims are time-barred unless a plaintiff files a discrimination charge with the EEOC within three hundred days of the claim's accrual. *Almontaser v. N.Y.C. Dep't of Educ.*, 2014 U.S. Dist. LEXIS 92760, at *13 (E.D.N.Y. July 8, 2014) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)); *see also* 42 U.S.C. § 2000e-5(e)(1). Plaintiff alleges their charge of discrimination was filed with the EEOC on November 21, 2018. *See* Ex. 1, ¶ 15. Three hundred days before November 21, 2018 was January 25, 2018. Plaintiff does not oppose Defendants' argument that the discrete allegations of discrimination pursuant to Title VII are time-barred if they occurred before January 25, 2018. Plaintiff argues, however, that the allegations occurring before January 25, 2018 are a part of their hostile work environment claim, and therefore, as long as one incident occurred after January 25, 2018, then all of the pre-January 25, 2018 allegations are timely as well. Pl. Mem. of Law in Opp., p. 8, citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536, U.S. 101, 117-117 (2002).

Plaintiff, however, fails to identify how the acts occurring before January 25, 2018 are related to the acts occurring after January 25, 2018 such that they can aid Plaintiff in supporting their hostile work environment claim. *Morgan*, 536 U.S. at 118; *McGullam v. Cedar Graphics*, 609 F.3d 70, 77-78 (2d Cir. 2010) (if the acts within the 300-day statute of limitations are not related to the acts outside the limitations period then the two must be considered

separately and the acts outside the period cannot aid plaintiff in showing hostile work environment as they are time-barred).

Many of the allegations in Plaintiff's complaint that took place before January 25, 2018 are not sufficiently related to allegations that took place after January 25, 2018. All of the events in the Complaint, referenced in Defendants' motion to dismiss at pages 6-7 that occurred before "fall 2017" when Plaintiff alleges they advised colleagues they were transgender cannot be connected to later allegations that allegedly occurred based on their gender and perceived disability, or actual disability following their summer 2018 surgery.[2] Ex. 1, ¶¶ 54-55; 58. Plaintiff alleges many incidents occurred in a given season rather than a specific date, which prohibits Defendants and the Court from knowing whether the incidents occurred before or simultaneous to Plaintiff's disclosing their gender. Nonetheless, The following events occurred, sometime in the fall 2017, Allegations in Topic 6, "Bias-Motivated Interference in Liberal Arts Middle State Review and Annual Review" allegedly occurred in fall 2017, namely, Plaintiff taking on the work of submitting the Annual Program Review (¶ 147-148) and the cancellation of the Middle States 7-year review of Liberal Arts (¶ 152). Allegations in Topic 7, "Bias-Motivated Interference in Schedule of Classes and WGS," also took place before January 25, 2018, namely, Plaintiff being told to limit offerings with cross-listing in fall 2017 (¶ 162), Ferretti disregarding Plaintiff's recommendation to cut a course cross-listing with Joanna Stein (¶ 163-164), which Plaintiff allege imperiled the WGS program, and Russell ignoring Plaintiff and Dean Cook's list of qualifications for WGS classes created in fall 2017 (¶ 170-171).

---

[2] Later in their Opposition Plaintiff lends support to Defendants point here by stating that events during the spring semester of 2016, before they came out as transgender, weren't discriminatory. Pl. Mem. of Law in Opp., p.14-15. ("In fact Prof. Pierre was not a co-Director when Prof. Washburn came out as trans. That was for one semester in Spring 2016.")

The allegations in Plaintiffs Complaint that occurred before January 25, 2018 and before Plaintiff alleges they disclosed their gender are time-barred, as they occurred more than three hundred days before Plaintiff filed their EEOC Charge, and Plaintiff has not alleged that they are sufficiently connected with Plaintiff's timely allegations pursuant to Title VII.

**POINT IV**

**PLAINTIFF HAS NOT SUFFICIENTY DISPUTED THAT THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE IX AND NO CAUSE OF ACTION FOR EMPLOYMENT DISCRIMINATION**

Plaintiff argues that the Second Circuit's guidance on whether Title IX allows for individual liability is not binding or persuasive and cites to other Circuits. Further, after a lengthy discussion of an Eighth Circuit case, Plaintiff concedes that these cases from other Circuits are not binding. Pl. Mem. of Law in Opp., p. 13, FN 2. Plaintiff argues that the Second Circuit authority is not binding or persuasive because it is old (which it is not)—but cites to cases from the 1980s and attributes arguments to Defendants that they have not made.[3] Plaintiff also goes into a lengthy discussion of cases discussing the remedial scheme of § 1983 – rather than Title IX or Title VII—to argue that Title VII is not the exclusive remedy for discrimination in employment, yet also argues that the Court should use the plain text of Title IX and even cites to the Merriam Webster dictionary, to try to find individual liability here. It is not necessary to do so. The Court need not disregard authority from this Circuit to seek out a private cause of action under Title IX or to find that there is a private cause of action for employees under Title IX, since Plaintiff brings causes of action for the same conduct under Title VII, § 1983, NYSHRL, NYCHRL and the New York State Constitution.

---

[3] Defendants did not cite to a District of New Mexico case in their Memorandum of Law. *See* Pl. Mem. of Law, p. 12.

The Court should be guided by cases from this Circuit, which hold that that there is no individual liability under Title IX and that Title VII is the exclusive remedy for employees seeking redress for discrimination. *Miotto v. Yonkers Pub. Schs.*, 534, F. Supp. 2d 422, 426-427 (S.D.N.Y. 2008) (collecting cases); *Doe v. Nat'l Ramah Comm'n, Inc.*, 2018 U.S. Dist. LEXIS 153317, at *20-21 (S.D.N.Y. Sept. 7, 2018); *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 396 (E.D.N.Y. 2005) (dismissing Title IX claims against individual, finding "the overwhelming majority of federal courts...in this Circuit and elsewhere, have held that only the institutional recipient of federal funds can be held liable under Title IX") (internal quotation omitted); *see also Towers v. State Univ. of N.Y.*, 2007 U.S. Dist. LEXIS 37373 at *11-12 (E.D.N.Y. May 21, 2007). Plaintiff's cause of action for a hostile work environment under Title IX (Count 4), should therefore be dismissed against all Defendants.

## POINT V

**PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII, NYSHRL OR NYCHRL FOR CLAIMS PERTAINING TO THE WOMEN AND GENDER STUDIES PROGRAM AND NOT PLAINTIFF THEMSELVES**

Plaintiff misconstrues Defendants' argument with regards to the sufficiency of their allegations of discrimination as they relate to WGS. To be clear, Defendants only argued that the allegations against WGS were not sufficient to state a claim of discrimination against Plaintiff personally. It is apparent from the lengthy discussion of WGS in the Complaint that it is an important academic program to Plaintiff, and that they were distressed by challenges that WGS faced, but WGS is not them personally.

Here, as discussed in Defendants motion to dismiss, given that Plaintiff is not bringing a pattern or practice or class action lawsuit, to plead a cause of action for discrimination

under Title VII, NYSHRL and NYCHRL, Plaintiff must establish that they were treated, as an individual, in a disparate manner. *See Sosa v. New York City Dep't of Educ.*, 368 F.Supp.3d 489 (E.D.N.Y. 2019) ("Title VII makes it unlawful for an employer to…discriminate against any individual…because of such individual's [protected characteristic]"). Plaintiff must set forth sufficient facts showing that (1) they belong to a protected class; (2) they were qualified for the position; (3) they suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Actions taken by Defendants that impacted WGS did not occur under circumstances giving rise to an inference of discriminatory intent against Plaintiff.

Even if an actions directed towards WGS could allow for the inference of discrimination against Plaintiff personally, Plaintiff did not sufficiently allege that WGS was treated differently from any other concentration such that discriminatory intent towards WGS can be inferred. Plaintiff cites to several instances in the Complaint where they allege that WGS suffered differential treatment from other academic programs. But in these instances Plaintiff is not comparing WGS—a concentration—to other concentrations. For example, Plaintiff raises examples in their Complaint that compare WGS to degree programs such as Liberal Arts. Pl. Mem. in Opp., p. 17, citing to ¶¶218-232. Plaintiff alleges, to take one example, that WGS assistant Nettie Weiner was moved from WGS to Liberal Arts. *Id.* But WGS is a concentration. It is not an academic department such as English or History, or a degree program like Liberal Arts, for example. *See* Ex. 1, Complaint, ¶ 68-69, ¶ 218 (WGS is not a major), ¶¶ 2, 88 (Plaintiff is an English professor and teaches within the English Department). Plaintiff themself notes several times in their Complaint that WGS is a concentration and is not a degree program, but

rather a concentration within Liberal Arts. *Id.* at ¶ 220 (describing Plaintiffs efforts to create a WGS major under Liberal Arts); ¶¶ 32,233, 266, 445 (a student can graduate with a degree in Liberal Arts with a WGS concentration). That WGS does not receive equal classification, staffing or office space, as a degree program or department cannot suffice to plausibly allege discrimination against WGS let alone against Plaintiff personally.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court issue an order granting its motion to dismiss, dismissing the Complaint in its entirety with prejudice, entering judgment for Defendants, and granting Defendants costs, fees, and disbursements together with such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        July 31, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-317
New York, New York  10007
(212) 356-4382
rquinn@law.nyc.gov

By:          */S/*
        Rebecca G. Quinn
        Assistant Corporation Counsel