UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DR. RED WASHBURN,                                  :
                                                   :
                         Plaintiff,                :
                                                   :
          -against-                                :     **MEMORANDUM AND ORDER**
                                                   :     20-cv-00395 (DLI)(RLM)
KINGSBOROUGH COMMUNITY COLLEGE,                    :
DR. JOANNE RUSSELL, DR. EILEEN                     :
FERRETTI, MICKIE DRISCOLL, DR. MICHAEL             :
BARNHART, JAMES CAPOZZI, DELISE                    :
CHUNG, ROXANNA THOMAS, and THE                     :
CITY UNIVERSITY OF NEW YORK,                       :
                                                   :
                         Defendants.               :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 24, 2020, Red Washburn ("Plaintiff") commenced this action against Kingsborough Community College ("Kingsborough"), Joanne Russell ("Russell"), Eileen Ferretti ("Ferretti"), Mickie Driscoll ("Driscoll"), Michael Barnhart ("Barnhart"), James Capozzi ("Capozzi"), Delise Chung ("Chung"), Roxanna Thomas ("Thomas"), and the City University of New York ("CUNY") (collectively, "Defendants"), asserting discrimination based on Plaintiff's status as a genderqueer, nonbinary, and gender non-conforming transgender person, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Civil Rights Act of 1871, 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101, *et seq.* ("NYCHRL"). *See*, Am. Compl., Dkt. Entry No. 38.

On June 3, 2020, Defendants moved to dismiss the action on the grounds that the complaint

was prolix in violation of Federal Rule of Civil Procedure 8 ("Rule 8"), the claims failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), and the claims were time barred. *See*, Defs.' Notice of Mot. to Dismiss the Compl., Dkt. Entry No. 24; Defs.' Mem. of Law in Supp. of Mot. to Dismiss the Compl., Dkt. Entry No. 26. On March 31, 2021, the Court granted the motion to dismiss without prejudice and with leave to amend the complaint by no later than May 7, 2021. *See*, Memorandum and Order ("March 31 M&O"), Dkt. Entry No. 36. Plaintiff timely filed the amended complaint. *See*, Am. Compl., Dkt. Entry No. 38.

On June 3, 2021, Defendants moved to dismiss the amended complaint on the grounds that it still was prolix in violation of Rule 8, failed to state a claim upon which relief could be granted under Rule 12(b)(6), and the claims were time barred. *See*, Defs.' Notice of Mot. to Dismiss the Am. Compl., Dkt. Entry No. 40; Defs.' Mem. of Law in Supp. of Mot. to Dismiss the Am. Compl., Dkt. Entry No. 41 ("Defs.' Mem."). However, contrary to the Court's Order to file an opposition to the motion to dismiss, and after having been granted an extension of time to do so, "Plaintiff inappropriately filed a Second Amended Complaint without first seeking leave of the Court, in violation of Fed. R. Civ. P. 15(a)(2)." *See*, Electronic Order dated July 2, 2021.[1] As Plaintiff no longer was permitted to amend their complaint as of right, the second amended complaint was stricken. *Id.* On July 18, 2021, Plaintiff opposed the motion to dismiss. *See*, Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss the Am. Compl. ("Pl. Opp'n"), Dkt. Entry No. 49. Defendants replied. *See*, Defs.' Reply Mem. of Law in Further Support of Mot. to Dismiss the Am. Compl. ("Defs.' Reply"), Dkt. Entry No. 51. For the reasons set forth below, the amended complaint is

---

[1] The Court's July 2, 2021 Order also addressed other matters that included an admonition to Plaintiff that any future filings that did not comport with Court Orders, the Court's Individual Rules or local and federal rules would be stricken summarily and that sanctions could be imposed.

2

dismissed without prejudice for failure to comply with Rule 8 and Plaintiff is granted leave to amend.

## BACKROUND

The Court presumes familiarity with the background of this case. *See generally*, March 31 M&O. In sum, Plaintiff alleges that they experienced discrimination, retaliation, harassment, and a hostile work environment based on their gender orientation. *Id.*; *See also*, Am. Compl. As Plaintiff uses the singular pronouns "they" and "them" to refer to themselves, the Court will use the same pronouns to refer to Plaintiff. *See*, Am. Compl. at ¶ 3.

## LEGAL STANDARD

Pursuant to Rule 8, a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Rule 8 is intended to prevent "unnecessary prolixity," which "places an unjustified burden on the court and the responding party." *In re Merrill Lynch & Co., Inc. Rsch. Rep. Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (internal quotation marks and citation omitted).

"A complaint should not be a preview of counsel's argument to the jury at the end of the case" . . . and it "should avoid unnecessary facts, descriptive terms, . . . repetitions . . . argumentative language, or characterizations[.]" *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233-34 (E.D.N.Y. 1999). Allegations should be direct and concise because they "should be relevant to the cause of action brought." *In re Merrill Lynch*, 218 F.R.D. at 78 (citation omitted). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial[.]" *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (Summary Order) (internal

quotation marks and citation omitted).

## DISCUSSION

On March 31, 2021, Plaintiff was ordered by this Court to amend their complaint "with instructions to pay special heed to the pleading requirements of Rule 8." *See*, March 31 M&O. Plaintiff again failed to comply with Rule 8. As Plaintiff acknowledges, although they shortened their complaint from 98 pages and 846 paragraphs to 62 pages and 504 paragraphs, "it is not the sheer length of filing, the number of paragraphs, or the number of claims that triggers the Rule 8 violation." Pl. Opp'n, at 5 (citing *Hart v. Salois*, 605 Fed. Appx. 694, 701 (10th Cir. 2015)) (internal quotation marks omitted). Rule 8 "places the burden squarely upon" Plaintiff to succinctly state their claims, and it is neither Defendants' nor the Court's duty to "sift through the [c]omplaint and guess which factual allegations support which claims." *Infanti v. Scharpf*, 2008 WL 2397607, at *2 (E.D.N.Y. June 10, 2008) (internal quotation marks and citation omitted). The Court is "mindful of the fact that Rule 8 requires only notice pleading and does not require that a plaintiff plead facts which state a *prima facie* case of discrimination." *Morris v. City of New York*, 2007 WL 632733, at *5 (S.D.N.Y. Mar. 1, 2007) (citing *Swikiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). "However, even under the lenient pleading requirement of Rule 8(a)(2), conclusory allegations are insufficient to withstand a motion to dismiss." *Id*. (internal quotations and citation omitted).

It is apparent that the amendments made to the original complaint merely were cosmetic and formatting in nature. Plaintiff was able to reduce the number of pages and paragraphs in the original complaint by deleting subheadings and some paragraphs relating to nonparties, and by combining other paragraphs. Some of these changes are obvious as paragraphs in the Amended Complaint still contained the original complaint's paragraph numbers and incomplete sentences.

*See*, Am. Compl., at ¶¶ 351, 373, 385, 400, 429, 434, 436, 438, 463, 465, 474, 484, 491, 502. Although Plaintiff deleted some paragraphs relating to nonparty individuals and unnecessary definitions, the nonchronological surplus of details along with the deletion of subheadings separating the facts again renders it nearly impossible for the Court to determine which facts are relevant to Plaintiff's claims. As a result, not only do the issues raised in the Court's previous Memorandum and Order still exist, now the Amended Complaint is more confusing as the subheadings separating the facts are now missing.

Courts faced with similarly prolix complaints have dismissed them, even when such complaints were filed by *pro se* litigants. *See*, *e.g.*, *Celli*, 699 F. App'x at 89 (affirming dismissal of *pro se* complaint for failure to comply with Rule 8); *Tsekhanskaya v. City of New York*, 2020 WL 5802329, at *6 (E.D.N.Y. Sept. 29, 2020) (dismissing *pro se* complaint for failure to comply with Rule 8). Notably, the Amended Complaint in this action is drafted by counsel and, as such, its continued noncompliance with Rule 8 is even more disturbing and unacceptable.

Plaintiff's counsel again "acknowledges that the Complaint is longer than most employment discrimination cases[,]" yet seeks to justify the length of the Amended Complaint as necessary to properly establish that Defendants "orchestrated [a] campaign of hostility." *See*, Pl. Opp'n at 2-3. However, the nature of Plaintiff's claims is not so complex as to warrant a 62 page, 504 paragraph complaint, especially after being afforded a second opportunity to remedy the issues with their original complaint "with instructions to pay special heed to the pleading requirements of Rule 8." *See*, March M&O. Even in complex cases brought under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, where it is well established that "complaints often might need to be somewhat longer than many complaints," courts have dismissed complaints that fail to comply with Rule 8. *See*, *Infanti*, 2008 WL 2397607, at *3 (internal quotation marks and citations

omitted) (dismissing under Rule 8 a 90 page, 500 paragraph RICO complaint); *Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp.2d 390, 396 (E.D.N.Y. 1998) (*sua sponte* dismissing under Rule 8 a 108 page, 385 paragraph RICO complaint). Plaintiff's case, which appears simpler than the referenced RICO cases, should not require the volume of allegations, assertions, and conclusions contained in the amended complaint.

Plaintiff's repeated failure to comply with Rule 8 warrants dismissal. However, the Second Circuit has instructed that where, as here, a complaint is not "incomprehensible, and it . . . pleads at least some . . . claims that cannot be termed frivolous on their face[,]" plaintiffs should be granted leave to amend. *Roberto's Fruit Mkt., Inc.*, 13 F. Supp.2d at 397 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988)). Here, despite the rambling nature of the amended complaint, the Court is able to distill what appears to be an employment discrimination claim based on Plaintiff's transgender status. Accordingly, Plaintiff is granted a second and final opportunity to amend their complaint with the repeated instruction to pay special heed to the pleading requirements of Rule 8. Moreover, the Court warns Plaintiff's counsel that further failure to comply and file in accordance with Rule 8 may warrant dismissal with prejudice. In light of this ruling, Defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or as time barred are denied without prejudice to renew.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons set forth above, the amended complaint is dismissed without prejudice, as prolix in violation of Rule 8 and Plaintiff is granted a final opportunity to amend the amended complaint by no later than April 21, 2022 with instructions to pay special heed to the pleading requirements of Rule 8. Failure to do so will result in dismissal of this action with prejudice. The balance of defendant's motion to dismiss the amended complaint is denied without prejudice to renew.

SO ORDERED.

Dated: Brooklyn, New York
        March 22, 2022

/s/
DORA L. IRIZARRY
United States District Judge